RECEIVED

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MAR 2 0 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

United States of America ex rel.    )
                                    )
Dawn Johnson    R36751              )
(Full name and prison number)       )
(Include name under which convicted) )
                                    )    08 C 50 0 4 6
PETITIONER                          )
                                    )    CASE NO: _Reinhard_____
    vs.                             )    (Supplied by Clerk of this Court)
                                    )
                                    )
_____        )
(Warden, Superintendent, or authorized )
person having custody of petitioner) )
                                    )
RESPONDENT, and                     )
                                    )
(Fill in the following blank **only** if judgment )
attacked imposes a sentence to commence )
in the future)                      )
                                    )
ATTORNEY GENERAL OF THE STATE OF    )    Case Number of State Court Conviction:
                                    )
_State of Illinois_____         )    No.  99 CF 2951
(State where judgment entered)      )

### PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1.  Name and location of court where conviction entered:  __Rockford Illinois, Winnebago County__

_____

2.  Date of judgment of conviction:  __09-25-01_____

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

    __First Degree Murder_____

4.  Sentence(s) imposed:  __50 Years_____

5.  What was your plea?  (Check one)    (A) Not guilty    (**X** )
                                        (B) Guilty        (  )
                                        (C) Nolo contendere (  )

    If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

_____

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):    Jury ( **X** )    Judge only (  )

2. Did you testify at trial?    YES ( **X** )    NO    (  )

3. Did you appeal from the conviction or the sentence imposed? YES ( **X** ) NO (  )

   (A) If you appealed, give the

   (1) Name of court:   __Illinois Appellate Court – Second Judicial District__

   (2) Result:   __Denied__

   (3) Date of ruling:   __May 15, 2003__

   (4) Issues raised:   __(1)The trial court ordered a mistrial and continued the case__
   __after Defense counsel failed to disclose the alibi defense, (2) The State__
   __improperly indoctrinated prospective jurors during Voir Dire (next page)__

   (B) If you did not appeal, explain briefly why not:

   _____

4. Did you appeal, or seek leave to appeal, to the highest state court?  YES ( **X** )    NO (  )

   (A) If yes, give the

   (1) Result:   __Denied__

   (2) Date of ruling:   __January 28, 2004__

   (3) Issues raised:   __(1) Whether petitioner was denied a fair trial where__
   __the trial judge abused his discretion when fashioning a sanction for__
   __the discovery violation. (2) Whether the trial court failed to   (next page)__

   (B) If no, why not:   _____

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( **X** )  No (  )

   If yes, give (A) date of petition: __3-08-07__    (B) date *certiorari* was denied:   __4-16-07__

Revised: 7/20/05

(con't from page 2)

Question 3 - The trial  failed to sua sponte instruct the jury
regarding her alibi defense. The trial court improperly instructed
the jury that the state did not have the burden of proving the offense.
The trial court improperly instructed the jury on accountability.


Question 4 - Excercise discretion when it allowed the prosecution to
indoctrinate prospective jurors during VOIR DIRE examination regarding
his own opinions and matter of law.  The petitioner is entitled to
present the jury with her theory of defense and the jury should have
recieved an instruction for an alibi defense. The court improperly
instructed the jury that the state had no burden to prove that the
offense charged was committed on the date charged. The jury was improperly
instructed on accountability, a theory not even raised during the
trial. The petitioner, Dawn Johnson was denied her fundamental right
to effective assistance of caounsel, and consequently affected her
rigth to a fair trial.

1.) I  PETITIONER AVERS THAT SHE WAS HEREBY DENIED HER GUARANTEED
       RIGHTS TO THE <u>SIXTH</u> AND <u>FOURTEENTH</u> AMENDMENTS OF THE U.S
       CONSTITUTION NAD ARTICLE 1,2, AND 8 OF THE ILLINOIS
       CONSTITUTION, WHEREUPON PETITIONERS' RIGHTS TO EFFECTIVE
       COUNSEL AND DUE PROCESS OF THE LAW WERE VIOLATED.

   a) Petitioners' counsel was ineffective for failure to
      disclose proper notice of an "Alibi Defense" pursuant
      to Supreme Court Rule 413, until <u>VOIR DIRE</u> selection had
      commenced and four prospective jurors were chosen; thus
      leading to the Judge declaring a mistrial.

   b) Trial counsel displayed further incompetence whereupon
      he ultimately failed to tender "Alibi Defense" instruction
      in colaboration with Petitioners' theory of the case.
      Furthermore, he failed to maintain any consostent defense
      strategy, enter appropriate objections, preserve any said
      issues, and raise them in a post-trial motion.

   c) Petitioners' counsel was deficient when he failed to
      object to the states "accountability" instruction
      which was not even a theory presented during trial.
      Whereby there was overwhelming evidence discovered
      throughout the investigation and further adduced during
      trial that brought into light whothe actual principal
      actor really was.

   d) It should be further noted, that the presiding trial
      court Judge conducted a "Private Conference" within
      his chambers, outside the presence of Petitioner; which
      is in direct violation of her <u>Fourteenth Amendment</u>, the
      right to be present at every stage of her trial. It was
      during said conference the Judge had even stated this
      discovery violation could be considered a violation of
      Ms. Johnsons' right to effective assistance of counsel.

II     Petitioners' Fifth Amendment right to the United States
       Constitution and Article 1 & 10 of the Illinois Constitution
       which protects the rights to Due Process of the law was
       violated. Petitiners' co-defendant, John White threatened
       Petitioner and told her she had better take responsibility
       for this case or suffer fate as deceased.

III    Petitioner contends her right to an impartial jury and
       equal protection under the law of the United States
       Constitution Sixth & Fourteenth Amendments and Article
       1,2,8,13,17 thru 20 of the Illinois Constitution were
       violated.

   a) The Prosecutor continuously questioned jurors regarding
      its burden of proof, to tell them it was not necessary
      for the State to prove motive, premeditation, nor criminal
      intent and further inquired of they could accept these
      concepts as a matter of law.

(con't)

b) During trial, the prosecutor never explored the theory
of accountability, yet an accountability instruction
was tendered for jury deliberations. Whereupon, prosecution
continued to instill the jury with his own suggestive and
irrelevant criminal theories.

c) The court permitted the prosecutions' abuse of VOIR DIRE
and subsequent unrelated jury instructions on theories
irrelevant to trial. Thereby allowing the jury to draw
unrelated and false conclusions concerning the case and
Petitioner.

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (x)  NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court:  Apellate Court of Illinois Second Judicial District

   B. Date of filing:  July 22, 2004

   C. Issues raised:  Denied her guaranteed rights to the Sixth and Fourteenth
      Amendments of the United States Constitution and Article 1 2, 8 of the
      Illinois Constitution whereupon Petioners rights to (attatched)

   D. Did you receive an evidentiary hearing on your petition?        YES ( )  NO (x)

   E. What was the court's ruling?  _____ Denied

   F. Date of court's ruling:  _____ 09-03-04

   G. Did you appeal from the ruling on your petition?        YES (x)  NO ( )

   H. (a)   If yes, (1) what was the result?  _____ Denied
              (2) date of decision:  _____ 08-23-06

      (b)   If no, explain briefly why not: _____

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

      YES (x)  NO ( )

      (a)   If yes, (1) what was the result?  _____ Denied
              (2) date of decision:  _____ 01-24-07

      (b)   If no, explain briefly why not: _____

   _____
   _____
   _____
   _____
   _____
   _____

3

Revised: 7/20/05

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?    YES ( )        NO (**x**)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.    Nature of proceeding      _____

        2.    Date petition filed        _____

        3.    Ruling on the petition      _____

        4.    Date of ruling          _____

        5.    If you appealed, what was
             the ruling on appeal?      _____

        6.    Date of ruling on appeal    _____

        7.    If there was a further appeal,
             what was the ruling ?      _____

        8.    Date of ruling on appeal    _____

3.    With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?    YES ( )    NO (**x**)

    A. If yes, give name of court, case title and case number: _____

_____

    B. Did the court rule on your petition?  If so, state

        (1) Ruling:    _____

        (2)   Date:    _____

4.    With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?    YES ( )        NO (**x**)

    If yes, explain: _____

_____

_____

_____

_____

_____

_____

_____

_____

Revised: 7/20/05

PART III – PETITIONER'S CLAIMS

1.    State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)  Ground one  The trial court failed to excercise its discretion when fashioning
      Supporting facts (tell your story briefly without citing cases or law):  a sanction for the discovery
                                                                               violation.
The trial court did not order the exclusion of the defendant's alibi evidence. Instead,

after jury selection in her trial had begun, the trial court addicated its duties and

forced the defendant to choose between delaying her trial or proceeding with no defense.

The court told the attorneys, but it did not explain to Ms. Johnson, that the reason it

was insisting that she make such a choice was that her attorney had violated its discovery

order and therefore, the court also failed to tell MS. Johnson that it believed that her

attorney's failure to disclose her alibi defense could be considered ineffective counsel.

Instead forced the defendant to the the job of the court and make her determine the

appropriate sanction for her attorneys failure to disclose.


(B)  Ground two   The court improper jury Voir Dire examination
      Supporting facts:

The prosecutor consistently questioned the prospective jurors regarding its

burden of proof, in particular telling them that the State was not required to

prove motive or intent. The prosocutor's suggestive questioning about the irrelevant

criminal theories of premeditation and intent to kill was highly prejudicial because

it misdirected the jurors thinking and was likely to produce a jury that would find

the defendant guilty based on a theory not raised nor defended against a trial.


5                                          Revised: 7/20/05

(C) Ground three ___ **The jury was not instructed correctly**
Supporting facts:

At trial, Dawn Johnson sought to establish she was not guilty of First

Degree Murder by presenting evidence that she was inside a pool hall at the time

of the shoooting. Trial court and the prosecutor agreed that this was a alibi

defense. At the close of evidence, however, the court failed to instruct the jury

of the defense of a alibi.


(D) Ground four ___ **Ineffective assistance of counsel during trial**
Supporting facts:

The judge himself suggested thta defense counsel's failure to disclose the alibi

defense could be considerd a violation of Ms. Johnson's right to effective

assistance of counsel. Counsel also demonstrated his incompetence when he made

no objection to the courts decision to bar defense in the defendant would agree

to a continuance. Counsel also failed to object to the prosecutor's improper

VOIR DIRE examination or to the improper jury instructions. Nor did counsel

object to a private conference in the judges chambers without defendant or

defendants knowledge.    GROUND FIVE (E) is attatched.


2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

   YES (x)  NO ( )

3. If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

Revised: 7/20/05

(cont from page 6)

Question E

Ground five:    **Two seperate points made in defendants calim of actual innocence supported by affidavit wrote by co-defendant John White.**

Supporting facts:    The defendatns post conviction petition in July of 2004 contained an affidavit supplied by John White. In the affidavit, White indicated that he and Stacey Bennick had done the shooting, that the Defendant Dawn JOhnson had nothing to do with it. Mr. White had threatened the defendant and her family so that she would, herself, confess to the crime.

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing ___David J Hugdahl, Attorney at Law 504 N Church St, Rockford IL 61103___

(B) At arraignment and plea ___SAME AS ABOVE___

(C) At trial ___SAME AS ABOVE___

(D) At sentencing ___SAME AS ABOVE___

(E) On appeal ___Linda A. Johnson, Asst Defender- Office of the State Appellate Defender 2010 Larkin Ave. Elgin, IL 60123___

(F) In any post-conviction proceeding ___Verlin R. Meinz, Asst Defender- Office of the State App. Defender 1100 Columbus Steet Ottawa, IL 61350___

(G) Other (state): _____

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO ( x )

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _3·17·08_
(Date)

_____
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_____
(Signature of petitioner)

___R36751___
(I.D. Number)

___2383 E. 3800 N. Rd, Dwight, IL. 60420___
(Address)

7

Revised: 7/20/05

Dawn Johnson R36751
23813 E. 3000 N. Rd
Dwight, IL. 60420

Legal mail

U.S. District Court
Northern Dist. Of IL., Western Division
Room 258, Federal Building
211 South Court, Federal Building
Rockford, IL. 61101

This Correspondence is
From An Inmate Of The Illinois
Department Of Correction

UNITED STATES POSTAGE

$ 02.15°