# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50046 | **DATE** | 6/10/2008 |
| **CASE TITLE** | U.S. ex rel. Dawn Johnson vs. Warden Mary Sigler | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants respondent's motion to dismiss and dismisses this cause in its entirety.

■ [ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT

    Dawn Johnson, a state prisoner, filed a pro se petition pursuant to 28 U.S.C. § 2254, asserting several claims related to her state-court conviction for first degree murder (720 ILCS 5/9-1(a)(2) (West 2000)). Respondent, Mary Sigler (the warden at Dwight Correctional Center), filed a motion to dismiss, contending that all of petitioner's claims are time-barred pursuant to 28 U.S.C. § 2244(d)(1).[1] Petitioner filed a reply in which she concedes that her claims were filed beyond the applicable one-year limitations period but asserts that her petition should not be dismissed as untimely based on information she received from the law library at her institution and because of her claim of actual innocence.

    While petitioner has not expressly articulated it as such, her assertion that she should be excused from the time limitation because of advice she received at the law library is essentially an equitable tolling argument. Generally, a reasonable mistake of law is not a basis for equitable tolling. Williams v. Sims, 390 F. 3d 958, 963 (7th Cir. 2004). This rule has been applied repeatedly to pro se habeas corpus petitions. Williams, 390 F. 3d at 963. A petitioner's reliance on the incorrect advice provided by a civilian paralegal or inmate law clerk is not the type of extraordinary circumstance that warrants equitable tolling of the one-year limitations period under § 2244(d). Nunez v. Robert, No. 04-CV-121- DRH, 2006 WL 181683, * 6 (S.D. Ill. Jan. 24, 2006), relying on Williams, 390 F. 3d at 963, and Modrowski v. Mote, 322 F. 3d 965, 967-68 (7th Cir. 2003). Accordingly, petitioner here cannot avoid the one-year limitation through application of equitable tolling based on advice she may have received at the prison law library.

    Petitioner fairs no better with her actual innocence claim. Actual innocence is unrelated to the statutory timeliness rules. Escamilla v. Jungwirth, 426 F. 3d 868, 871 (7th Cir. 2005). Prisoners claiming to be innocent must also meet the statutory requirement of filing a timely action. Escamilla, 426 F. 3d at 872. A showing of actual innocence alone is insufficient to overcome a petitioner's failure to file within the one-year deadline. Dagnall v. Kingston, No. 06- C-433-C, 2007 WL 128334, * 3 (W.D. Wisc. Jan. 9, 2007), citing Escamilla, 426 F. 3d at 871-72. Thus, in the context of timeliness, a petitioner must show that her claim of actual innocence rests on facts that could not have been discovered earlier. Dagnall, at * 3.

**STATEMENT**

In this case, petitioner has relied on her claim of actual innocence alone to justify her tardiness in filing her petition. This is insufficient. Additionally, her actual innocence claim depends on an affidavit of a co-defendant written in November of 2003, well before the time to file her habeas corpus petition in this case. As the Escamilla decision reflects, petitioner cannot rely on a claim of actual innocence that could have been raised in a timely fashion to excuse her failure to file a timely habeas corpus petition.

For the foregoing reasons, the court grants respondent's motion to dismiss the habeas corpus petition in its entirety.

---

1. Eighty-two days of untolled time elapsed between the conclusion of petitioner's direct appeal on April 28, 2004, and the filing of her post-conviction petition on July 19, 2004 (the filing of which again tolled the limitations period pursuant to § 2244(d)(2)). Additionally, after the Illinois Supreme Court denied petitioner's request for leave to appeal in her post-conviction appeal on January 24, 2007, petitioner filed a petition for writ of certiorari in the United States Supreme Court, which did not toll the limitations period, see Lawrence v. Florida, 127 S. Ct. 1079 (2007), resulting in another 421 days elapsing. Therefore, petitioner's habeas corpus petition in this court is untimely.